IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CURTIS HIGHTOWER, | ) | No. 2:08-cv-00228-SPK |
| Plaintiff, | ) | |
| v. | ) | |
| HIGH DESERT STATE PRISON, ET AL., | ) | |
| Defendants. | ) | |

ORDER DISMISSING ACTION WITHOUT PREJUDICE

Plaintiff Curtis Hightower is a state prisoner making a claim based upon prison conditions against a government entity or employees of a government entity for violations of civil rights.

Under 28 U.S.C. § 1915A, the Court must screen any complaint by a prisoner seeking redress from a government entity or employee of such an entity. The Court must dismiss any complaint or portion of a complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. This screening must be done "before docketing, if feasible or, in any event, as soon as practicable after docketing[.]" 28 U.S.C. § 1915A(a).

Title 42 U.S.C. § 1997e(a) provides:

1

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). There is no futility or other exception to the statutory exhaustion requirement. Id. at 741 n.6.

Here, although Plaintiff has filed a grievance concerning the facts of the complaint, he admits the grievance process is not completed. The grievance is apparently pending, or was pending when the suit was filed. Further, nowhere in Plaintiff's filings does it appear that administrative remedies have been exhausted. The complaint certainly concerns "prison conditions" as it alleges various violations relating to segregation and excessive force.

If the Court concludes that a prisoner has not exhausted administrative remedies, "the proper remedy is dismissal of the claim without prejudice." McKinney v. Carey, 311 F.3d 1198, 1120 (9th Cir. 2002) (dismissing action because grievance was pending). See also Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("[a] prisoner's concession to non exhaustion is a valid ground for dismissal[.]"). Thus, this action will be dismissed without prejudice. Dismissal is intended to close the action and Judgment shall issue. See WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir.1997) (en banc) (indicating that the district count should make clear whether a dismissal without prejudice is intended to be a final order). If Plaintiff decides to file a new complaint after exhaustion is

1 complete, it will be a new action and should be accompanied by the filing fee or a
2 properly completed application to proceed in forma pauperis.
3     The action is DISMISSED without prejudice for failure to exhaust available
4 administrative remedies. Any other pending matters are denied as moot. Judgment
5 to enter accordingly.
6     IT IS SO ORDERED.
7     DATED: February 9, 2009.

_____
Samuel P. King
Senior United States District Judge

3