IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS HIGHTOWER,           )   No. 2:08-cv-00228-SPK
                            )
        Plaintiff,          )
                            )
  v.                        )
                            )
HIGH DESERT STATE PRISON, ET)
AL.,                        )
                            )
        Defendants.         )
_____ )

ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS WITHOUT PREJUDICE, DISMISSING COMPLAINT IN PART WITH LEAVE TO AMEND, AND DENYING REQUEST FOR COUNSEL

    On March 5, 2009, this Court vacated its previous entry of judgment and reinstated the case. The Court allowed the action to proceed despite the complaint's indication that administrative remedies had not been exhausted, noting

1

that such issues could be addressed after service of the complaint on Defendant or Defendants. The Court indicated it would address the pending application to proceed in forma pauperis (IFP) and perform necessary screening under 28 U.S.C. § 1915A(a) at a later time. The Court has now reviewed the records and file in this case, reviewed the pending application to proceed IFP, and screened the complaint.

## I.

A review of the pending IFP application indicates that it is not signed. In particular, the application requires Plaintiff's signature indicating that Plaintiff (if the application is granted) is aware that partial payments will be taken from his prison trust account payments in accordance with 28 U.S.C. § 1915(b)(2). Plaintiff's signature authorizes any agency having custody of Plaintiff to collect partial payments. That is, even if allowed to proceed IFP, Plaintiff is still required to pay the full filing fee of $350, although it will be paid in installments according to the balance in the Plaintiff's trust account until the amount is paid. The Plaintiff must also declare under penalty of perjury that the financial information in the IFP application is true and correct. Without a signature, the Court will not grant the application.

Moreover, the record now reflects that Plaintiff has been transferred to a different institution (The La Palma Correctional Center in Arizona). The Court has no information on the current prisoner trust account, nor a certificate from the institution of incarceration as to the average monthly deposits for the past six months. Although the prior IFP application indicated that IFP status should be granted, the Court will require the information from the current institution.

Accordingly, the pending Application to Proceed IFP is DENIED without prejudice. The clerk shall mail Plaintiff a new blank form Application to Proceed In Forma Pauperis. The Plaintiff shall have 30 days from this order within which

to file a new IFP application (or to pay the $350 filing fee in full). If a new form is not filed, or the fee paid in full, the action will be dismissed without prejudice.

## II.

The Court has also screened the complaint as required by section 1915A(a). Plaintiff alleges constitutional violations (excessive force in violation of the Eighth Amendment) under 42 U.S.C. § 1983 against various named Defendants regarding an incident wherein Plaintiff's eye was injured by being punched or knee-ed by Defendant W. Patton (a sergeant or corrections officer).

In the present context, a prima facie claim under the Eighth Amendment is stated against Defendant Patton, sufficient to withstand screening. "[T]he unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citing Whitley v. Albers, 475 U.S. 312, 319 (1986)). The question is whether harm inflicted was "unnecessary and wanton pain and suffering" and depends upon "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Hudson, 503 U.S. at 6. The Hudson court laid out five factors to be considering in making this determination: (1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response. Id. at 7.

Applying Hudson here, to withstand scrutiny Plaintiff would have to show, or allege facts indicating, that Patton's actions were "malicious and sadistic" and for the very purpose of causing harm. The complaint alleges that Patton punched or knee-ed Plaintiff in the left eye, causing some loss of vision during an

altercation where Patton was transferring Plaintiff to administrative segregation. According to the complaint, after being held, Plaintiff was yelling "What the Fu** is going on?" Patton was yelling "Stop Spitting, Stop Spitting!" to Plaintiff and began punching Plaintiff (Plaintiff denies spitting). Plaintiff began to struggle and was yelling "what the fu**!" to Patton. Patton punched Plaintiff at least four times. Plaintiff was injured and was taken to a hospital. He alleges surgery was required to repair a chipped orbit bone on his left eye and that his vision is now affected. Such allegations, which the Court assumes as true for present purposes, state a claim that injury could have been inflicted "maliciously and sadistically."

However, a claim is stated against Patton only. Plaintiff has named the following as additional Defendants: The High Desert Prison, K. Gullion, M. Ackernecht, M. Jones, T. Kissinger, B. Nichols, D. Renner, J. Cummings, D. Daven, Tom Felker, M. Wright, and M. D. McDonald. A prison itself such as the High Desert Prison cannot be a Defendant (a claim against the prison would be construed as a claim against the State of California and would be barred by the Eleventh Amendment.) The named individuals are either corrections officers or prison officials. There are, however, no factual allegations at all against any of these individuals (aside from Patton and Gullion). Aside from Patton, there is no claim stated against any of these individuals. Although Gullion is mentioned, the only action mentioned as to Gullion is that he gave Plaintiff an explanation on the rules in administrative segregation and later called him a "bitch" (although the reason or context is not given). Gullion is not alleged to have struck or otherwise harmed Plaintiff. Such an allegation against Gullion does not state an Eighth Amendment claim.

Accordingly, the Complaint is DISMISSED in part. It states a claim only against Patton. All other Defendants are DISMISSED. Plaintiff, however, is given

leave to amend to attempt to state claims against the other individuals.  Plaintiff is granted 30 days from the date of this order within which to file an amended complaint.  If no such amended complaint is filed, the action will proceed, if at all, against Patton only.  (Proceeding against Patton assumes that Plaintiff has otherwise complied with the requirement to file a new IFP application, or has paid the requisite $350 filing fee in full.)

### III.

Plaintiff has also requested appointment of counsel.  Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298  (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.  In determining whether "exceptional circumstances exist, the district court  must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).  The Court does not find the required exceptional circumstances.  Even if it is assumed that plaintiff is not well versed in the law and that he has made allegations which, if proved, would entitle him to relief, his case is not exceptional.  Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  The Court also does not find that Plaintiff cannot adequately articulate his claims.  Plaintiff's motion for the appointment of counsel is DENIED.

5

IV.

1. The Application to Proceed IFP is DENIED without prejudice. Plaintiff has 30 days within which to file a new IFP application that is signed and contains a trust account statement from his current institution of incarceration. The Clerk shall mail Plaintiff a blank IFP application form. If a new IFP application is not timely filed (or if the $350 filing fee is not paid), then the action shall be dismissed without prejudice.

2. The Complaint is DISMISSED against all Defendants except Patton. Plaintiff is granted 30 days within which to file an amended complaint if he seeks to proceed against any other Defendants.

3. The request for appointment of counsel is DENIED.

IT IS SO ORDERED.

DATED: July 2, 2009.

_____
Samuel P. King
Senior United States District Judge