IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS HIGHTOWER,  ) No. 2:08-cv-00228-SPK
                   )
    Plaintiff,  )
                   )
  v.             )
                   )
W. PATTON,         )
                   )
    Defendant.  )
_____)

ORDER DISMISSING AMENDED COMPLAINT IN PART,
DENYING PENDING IFP APPLICATION [DOC. 31] AS MOOT,
AND AUTHORIZING SERVICE OF PROCESS

    On July 2, 2009, this Court dismissed Plaintiff's original complaint in part. The order indicated that a claim could proceed as against Defendant W. Patton, but that the complaint failed to state a claim as against other named Defendants. The order indicated that Plaintiff could still attempt to file an amended complaint as against the dismissed Defendants, or could proceed against Patton only.

    In response, Plaintiff filed a statement indicating among other things that he intended to file an amended complaint in an attempt to state claims as to the other Defendants. On September 22, 2009, this Court granted Plaintiff an additional 30

1

days to file that amended complaint. The Court indicated that the amended complaint would then be screened pursuant to 28 U.S.C. § 1915A(a). The Court also granted Plaintiff's Motion to Proceed In Forma Pauperis (IFP) on September 22, 2009.

On October 1, 2009, Plaintiff filed a motion for extension of time to file the amended complaint, which the Court granted. The Court allowed until December 22, 2009 to file the amended complaint.

On December 14, 2009, Plaintiff filed the amended complaint, which this Court now screens as required by Section 1915A(a). Plaintiff also filed another Application to Proceed In Forma Pauperis [doc. 31].

## I.

The Court granted Plaintiff IFP status on September 22, 2009. The new Application to Proceed IFP of December 14, 2009 is not necessary and is superfluous. Accordingly, the new Application to Proceed IFP [doc. 31] is DENIED as MOOT. The prior grant of IFP status remains in effect.

## II.

The Court is required to screen a prisoner's civil rights complaint seeking redress from a governmental entity or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain factual allegations sufficient to rise above the "speculative level," *id.*, or the merely possible or conceivable. *Id.* at 557, 570. That is, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A claim has "facial plausibility" when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable." *Ashcroft v. Iqbal*, 556 U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009). In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt. *See, e.g.*, *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).

Applying these principles, the Court has screened the Amended Complaint of December 14, 2009. In the amended complaint, similarly to the original complaint, Plaintiff alleges constitutional violations (excessive force in violation of the Eighth Amendment) under 42 U.S.C. § 1983 against various named Defendants regarding an incident wherein Plaintiff's eye was injured allegedly by being punched and knee-ed by Defendant W. Patton (a sergeant at the High Desert State Prison in Susanville, California).

Without reiterating all the details of the amended complaint (which the Court must assume as true for present purposes), the Court concludes that a prima facie claim under the Eighth Amendment is stated against Defendant Patton, sufficient to withstand screening. "[T]he unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment."

*Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).  The question is whether harm inflicted was "unnecessary and wanton pain and suffering" and depends upon "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson*, 503 U.S. at 6; *see also Wilkins v. Gaddy*, 559 U.S. ___, 2010 WL 596513 (Feb. 22, 2010) (reiterating the *Hudson* standards). The *Hudson* court laid out five factors to be considering in making this determination: (1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response.  *Id.* at 7.

Applying *Hudson* here, to withstand scrutiny Plaintiff would have to show, or allege facts indicating, that each Defendants' actions were "malicious and sadistic" and for the very purpose of causing harm.  The Amended Complaint, like the original complaint, alleges that Patton punched or knee-ed Plaintiff in the left eye, causing some loss of vision during an altercation where Patton was transferring Plaintiff to administrative segregation.  Plaintiff alleges that he was being held on the ground, and was in handcuffs, when Patton told Plaintiff to stop spitting.  Plaintiff denies spitting.  Patton allegedly punched Plaintiff in the left eye six or seven times and knee-ed him there twice while he was in handcuffs. Plaintiff was injured and was taken to a hospital.  He alleges surgery was required to repair a chipped orbit bone on his left eye and that his vision is now affected. Such allegations, again which the Court must assume as true for present purposes, state a claim that injury could have been inflicted "maliciously and sadistically."

However, as with the original complaint, a claim is stated against Patton only.  Plaintiff has named several other individual Defendants, including The High

Desert Prison itself. Reviewing the details of the allegations of the amended complaint, the Court again concludes that there is no claim stated against any other named Defendant. A prison itself such as the High Desert Prison cannot be a Defendant (a claim against the prison would be construed as a claim against the State of California and would be barred by the Eleventh Amendment.) Although Gullion is mentioned as "taking down" Plaintiff upon Patton's direction, there are no facts pled against Gullion indicating that Gullion inflicted force against Plaintiff. Additionally, there are no factual allegations against any other individuals aside from a general allegation that no one stopped Patton from assaulting Plaintiff. Such general allegations fail to satisfy the pleading requirements of *Twombly* and *Iqbal*.

Accordingly, the Amended Complaint is DISMISSED in part. It states a claim only against Defendant Patton. All other Defendants are DISMISSED. Plaintiff has already been given leave to amend to attempt to state claims against the other individuals, and further leave at this stage would be futile. The Amended Complaint may proceed only as against Patton.

### III.

Because the Amended Complaint passes the necessary screening as against Patton, the Court authorizes Plaintiff to proceed with the attempting of service of process. Accordingly,

(1) The Clerk of the Court shall send Plaintiff a copy of this order, a USM-285 form, a summons, an instruction sheet, and a copy of the Amended Complaint filed on December 14, 2009.

(2) Within 30 days from the date of this order, Plaintiff shall complete the following requirements for service of the current complaint:

 (a) properly complete and sign the attached Notice of Submission of

Documents form,

    (b) properly complete the summons form;

    (c) properly complete a USM-285 form for Defendant Patton;

    (d) submit four copies of the complaint filed on December 14, 2009; and

    (e) provide the completed forms and copies of the Amended Complaint to the Clerk of Court.

(4) Plaintiff need not attempt service on Defendant and need not request waiver of service. Upon receipt of all the documents listed above in section (3), the Court will issue an order directing the Clerk to forward the completed forms to the United States Marshal to serve the named Defendant pursuant to Fed. R. Civ. P. 4, without payment of costs.

(5) Plaintiff's failure to comply with this order within 30 days may result in dismissal of the action.

IT IS SO ORDERED.

DATED: February 24, 2010.

/s/ Samuel P. King
Samuel P. King
Senior United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS HIGHTOWER,                    ) No. 2:08-cv-00228-SPK
                                     )
        Plaintiff,                   )
                                     )
  v.                                 )
                                     )
W. PATTON,                           )
                                     )
        Defendant.                   )
_____ )

## NOTICE OF SUBMISSION OF DOCUMENTS

Plaintiff hereby submits the following documents in compliance with the court's order filed February 24, 2010:

   \_\_\_\_\_   completed summons form

   \_\_\_\_\_   completed USM-285 forms

   \_\_\_\_\_   copies of the complaint

DATED: _____

                              _____
                              Plaintiff