IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS HIGHTOWER,

      Plaintiff,                    No. CIV S-08-0228 EFB P

      vs.

W. PATTON,

      Defendant.                ORDER

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Defendant Patton was personally served, but has not filed a responsive pleading to the complaint. *See* Dckt. No. 45. On March 8, 2011, the court ordered defendant to show cause within 21 days why default should not be entered against him, and directed the clerk to serve a copy of the order on Monica Anderson, Supervising Attorney General. The time has passed and defendant has not responded to the order. Nor has anyone responded on defendant's behalf.

      Federal Rule of Civil Procedure 55(a) states:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Here, a review of the docket shows that defendant has failed to plead or otherwise defend.

1

Therefore, the clerk must enter defendant's default.

If plaintiff wishes to seek a default judgment against defendant, he is advised that Federal Rule of Civil Procedure 55(b) ("Entering a Default Judgment") states:

> (1) *By the Clerk*.  If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk–on the plaintiff's request, with an affidavit showing the amount due–must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> (2) *By the Court*.  In all other cases, the party must apply to the court for a default judgment....If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.  The court may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when, to enter or effectuate judgment, it needs to:
>   (A) conduct an accounting;
>   (B) determine the amount of damages;
>   (C) establish the truth of any allegation by evidence; or
>   (D) investigate any other matter.

Thus, plaintiff may wish to file a motion requesting that default judgment be entered against defendant.

Accordingly, it is hereby ORDERED that:

1. The Clerk shall enter defendant's default; and

2. The Clerk shall serve a copy of this order on Monica Anderson, Supervising Deputy Attorney General.

Dated:  April 15, 2011.

*[signature]*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2