IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS HIGHTOWER,

      Plaintiff,                    No. CIV S-08-0228 MCE EFB P

    vs.

W. PATTON,

      Defendant.              ORDER

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed several letters and has requested clarification of this court's orders. *See* Dckt. Nos. 75-78.

      Two of plaintiff's filings concern a superior court case that has been dismissed. *See* Dckt. No. 75, 76. Although his purpose in writing to this court is somewhat unclear, it appears that plaintiff may be requesting this court to exercise supplemental jurisdiction over his state law claims. Plaintiff is advised that if he wishes to amend his complaint to add new claims, he must meet the requirements in the federal rules and this court's local rules for doing so. Specifically, he must file a motion to amend his complaint, together with a proposed amended complaint containing all of his claims. *See* Fed. R. Civ. P. 15(a)(2) (after 21 days after a responsive pleading has been served, a party may only amend its pleading with the opposing party's written

consent or with the court's leave); Local Rule 220 (any amended pleading must be complete in itself without reference to a superceded pleading). Under the court's August 9 scheduling order, any motion to amend the complaint must be filed by November 28, 2011.

Plaintiff has also filed a letter stating that he mailed to the court a 33-page report regarding discovery which was returned to him. *See* Dckt. No. 77, 78. It is unclear from plaintiff's letter whether the document he sent to the court consisted of discovery requests or a motion to compel discovery. Plaintiff is advised that he should propound discovery requests, such as requests for production of documents, interrogatories, and requests for admission, directly on the defendant, and should not file discovery requests with the court. *See* Fed. R. Civ. P. 33, 34, 36. If plaintiff has already sent discovery requests to the defendant, and the defendant has failed to comply with the federal rules in responding to the discovery requests, plaintiff may file a motion to compel with the court. However, plaintiff's time for propounding discovery requests has already expired, and his deadline for filing a motion to compel is fast approaching. *See* Dckt. No. 69 (all requests for discovery must have been served by September 29, 2011); Dckt. No. 65 (motions to compel discovery due by November 28, 2011). If plaintiff wishes to have more time to conduct discovery, and has good cause for not complying with the existing scheduling order, he may file a motion to modify the scheduling order.

So ordered.

DATED: November 7, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE