IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS HIGHTOWER,

      Plaintiff,                            No. CIV S-08-0228 MCE EFB P

  vs.

W. PATTON,

      Defendant.                       <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He moves to modify the scheduling order and to compel defendant Patton's discovery responses. Dckt. Nos. 93, 94. Discovery closed on January 28, 2012, and dispositive motions were to be filed by February 12, 2012. Dckt. No. 85, 65.

      In his motion to modify the scheduling order, plaintiff asks that "all motions turned in from August 2011 until now January 21, 2012," be accepted "with a 60 day extention [sic], from this date, to each deadline . . . ." Dckt. No. 93 at 2.[1] Plaintiff does not clearly articulate exactly how he wishes to have the schedule in this action modified, nor does he demonstrate that there is good cause for any modification. The court has repeatedly informed plaintiff that a schedule will

---

[1] These and subsequent page number citations to plaintiff's filings are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by plaintiff.

1

not be modified unless he demonstrates good cause. *See* Dckt. Nos. 95, 88, 80. Plaintiff's motion must therefore be denied.

In his motion to compel, plaintiff appears to seek defendant's responses to his requests for admissions.[2] Dckt. No. 94 at 9. Defendant's responses to those requests are attached to plaintiff's motion to modify the scheduling order. Dckt. No. 93 at 18-24. With the exception of one request, defendant objected to each request as calling for legal or expert opinion, and claimed to lack sufficient knowledge to either admit or deny the request. *Id.* Defendant states in his opposition that he has since served supplemental discovery responses on plaintiff in order to address the issues raised in plaintiff's motion to compel. Dckt. No. 103 at 2; *see also* Dckt. No. 104, Ex. 1 (copy of defendant's supplemental responses). Defendant asserts that his supplemental responses are his best attempt to respond to plaintiff's requests for admissions. Dckt. No. 103 at 2. As plaintiff did not file a reply brief or otherwise challenge the sufficiency of defendant's supplemental responses, it appears that plaintiff is now satisfied with defendant's discovery responses, and that plaintiff's motion to compel is therefore moot.

Accordingly, it is hereby ordered that plaintiff's January 30, 2012 motions to modify the scheduling order (Dckt. No. 93) and to compel defendant's discovery responses (Dckt. No. 94) are denied.

DATED: March 16, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The proof of service filed with the motion to compel is dated January 24, 2012. Dckt. No. 94 at 14-15. Plaintiff's motion is therefore timely. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's notice of appeal deemed timely filed on the date it was delivered to prison staff for delivery to the court).