IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS HIGHTOWER,

       Plaintiff,              No. 2:08-cv-0228 MCE EFB P

    vs.

HIGH DESERT STATE PRISON, et al.,     ORDER OF REFERRAL FOR
                                  SETTLEMENT WEEK AND SETTING
       Defendants.          SETTLEMENT CONFERENCE

                            /    June 11, 2013, 9:00 a.m.

      Plaintiff is a state prisoner proceeding pro se in a civil rights pursuant to 42 U.S.C. § 1983. Counsel for defendant has informed the court's ADR coordinator that the parties are interested in a settlement conference. As this case may benefit from a settlement conference, it will be referred to Magistrate Judge Kendall J. Newman for the court's Settlement Week Program to conduct a settlement conference at the U. S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom #25 on June 11, 2013 at 9:00 a.m. A separate writ of habeas corpus ad testificandum will issue forthwith.

      In accordance with the above, IT IS HEREBY ORDERED that:

      1.  This case is set for a settlement conference before Magistrate Judge Kendall J. Newman on June 11, 2013, at 9:00 a.m. at the U. S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom #25.

1

2.   A representative with full and unlimited authority to negotiate and enter into a binding settlement on defendants' behalf shall attend in person.[1]

3.   Those in attendance must be prepared to discuss the claims, defenses and damages.  The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions.  In addition, the conference will not proceed and will be reset to another date.

4.   The parties are directed to exchange non-confidential settlement statements no later than June 4, 2013.  These statements shall simultaneously be delivered to the court using the following email address: kjnorders@caed.uscourts.gov.  Plaintiff shall mail his settlement statement to Sujean Park, ADR Program Coordinator, U.S. District Court, 501 I Street, Suite 4-200, Sacramento, CA 95814.  If a party desires to share additional confidential information with the court, they may do so pursuant to the provisions of Local Rule 270(d) and (e).

DATED:  May 20, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences. . . ." *United States v. United States District Court for the Northern Mariana Islands*, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989), *cited with approval in Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1396 (9th Cir. 1993).  The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. *Pittman v. Brinker Int'l., Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003), *amended on recon. in part, Pitman v. Brinker Int'l, Inc.*, 2003 WL 23353478 (D. Ariz. 2003).  The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. *Pitman*, 216 F.R.D. at 486.  An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. *Nick v. Morgan's Foods, Inc.*, 270 F. 3d 590, 596-97 (8th Cir. 2001).