UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS HIGHTOWER, | No. 2:08-cv-228-MCE-EFB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| HIGH DESERT STATE PRISON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C § 1983. Currently pending before the court are: (1) defendant W. Patton's motion for leave to disclose an expert witness (ECF No. 145); (2) plaintiff's motion for summary judgment (ECF No. 146); (3) plaintiff's motion to stay (ECF No. 148); and (4) plaintiff's "request to entry on pretrial statements" (ECF No. 149). For the reasons set forth below, the motion to disclose an expert witness and plaintiff's request regarding his pretrial statement are granted and the court defers ruling on the motion to stay pending receipt of further information from the parties. Further, it is recommended that plaintiff's motion for summary judgment be denied.

**I.    Background**

This action proceeds on the verified amended complaint filed on December 14, 2009. ECF No. 29. Plaintiff claims that defendant used excessive force against him on March 6, 2007. *Id*. at 3-7. Specifically, plaintiff alleges that defendant Patton escorted plaintiff out of a single-

1

1   man holding cage at High Desert State Prison ("HDSP") on that date.  While applying handcuffs
2   to plaintiff, defendant allegedly said, "Let me show you something."  *Id*. at 4.  Plaintiff turned his
3   head slightly to see defendant drop the right hand of the cuffs.  *Id*.  Defendant then twisted
4   plaintiff's left arm with the cuff on it, pulling plaintiff's arm out of the cage and lifting it
5   upwards, which caused plaintiff's shoulder to get pinched by the opening of the cage.  *Id*.
6   Because this position was very painful, plaintiff automatically pulled his right hand into the cage.
7   *Id*.  Defendant yelled, "Put your hand back out of the cage!"  *Id*.  Plaintiff responded, "I can't, I
8   can't!"  *Id*.  Painfully, plaintiff was then able to put his hand back out.  *Id*. at 4-5.  Defendant
9   eased on plaintiff's arm and backed him out of the cage, fully handcuffed.  *Id*. at 5.

10          Plaintiff further alleges that Correctional Officer Gullion escorted plaintiff a short distance
11  while defendant yelled at him from behind.  *Id*.  Plaintiff says that he did not realize defendant
12  was yelling at him until he turned his head slightly to check.  *Id*.  Defendant then said, "Bring him
13  back!"  *Id*.  Gullion brought him back, and defendant "got an attitude" with plaintiff, "yelling one
14  thing or another."  *Id*.  Defendant and Gullion allegedly placed plaintiff's chest and face against
15  the window of the "MTA" office, with plaintiff's feet about a foot from the wall to avoid stepping
16  on some boxes.  *Id*.  Plaintiff says that he tilted his head back to look left and right, "but never
17  with an attitude towards an Officer."  *Id*. at 5-6.  Defendant told Gullion to "take him to the
18  ground," which both officers then did.  *Id*. at 6.

19          Plaintiff felt weight and pressure on his back with his legs held up "in a 'hog tie" type of
20  position."  *Id*.  Plaintiff started to yell, "What the fuck, what the fuck!"  *Id*.  Defendant and
21  Gullion responded, "Stop resisting!"  *Id*.  Plaintiff, however, was not able to resist from the "hog
22  tie" position.  *Id*.  Plaintiff started to breathe heavily with the weight on his back and felt a surge
23  of adrenaline, which caused him to drool onto his face.  *Id*.  He did not spit or try to spit on either
24  officer.  *Id*.

25          Defendant punched plaintiff around his left eye with a closed fist, yelling, "Stop spitting,
26  stop spitting!"  *Id*.  Defendant punched plaintiff again in the same location.  *Id*.  Plaintiff yelled,
27  "I'm not spitting, what the fuck!  Stop!  I'm sorry."  *Id*.  Plaintiff held still, but defendant punched
28  him again, six or seven times total.  *Id*.  Defendant and Gullion had plaintiff's legs lifted so high

that his chin scraped the concrete as he turned his head between each punch. *Id*. Defendant then struck plaintiff hard with his knee, twice. *Id*. at 7. Plaintiff "felt a big thud" on his head and a "big crack" around his eye. *Id*. Plaintiff's eye swelled shut and blood dripped down his face and shirt to the ground. *Id*.

Plaintiff's eye injury required surgery with a lengthy recovery. *Id*. It is permanently damaged. *Id*.

Defendant disputes that version, and claims that during the incident in question he "had to use force against [plaintiff] to defend myself." Decl. of W. Patton ISO Def.'s Mot. for Summ. J. (hereinafter "Patton Decl.") ¶ 2. Plaintiff resisted defendant's and Gullion's attempts to restrain him. *Id*. ¶ 3. According to defendants:

> To control Hightower and prevent further resistance, Officer Gullion and I had to take Inmate Hightower to the floor. After hitting the floor, Officer Gullion straddled Hightower and I maneuvered around in front of Hightower. Hightower then tried to break free from our holds by attempting to twist and turn away from them and wiggle away from our grasp. Hightower's attempt to free himself from our hold caused me concern because I did not know what Hightower was thinking or where Hightower was going to go, and Hightower was not complying with our orders. Several times, I ordered Hightower to "stop resisting." Hightower then attempted to roll over onto his back, and I tried to turn him down. At that point, Hightower turned up and spit at me. To stop further spitting, I punched Hightower by bringing my right hand to stomach level, extending it out to strike Hightower, and bringing it back. I ordered Hightower to stop spitting. Due to Hightower's facial expressions, I believed he was going to spit again. Therefore, I punched him a second time. This whole incident took place before I could pull out my pepper spray canister or baton out of the holster. After the second punch, the rest of the staff piled on top of inmate Hightower. Hightower was still kicking but the staff was able to get Hightower to comply based on the fact that he had five people on top of him.

*Id*. ¶¶ 4- 14.

Defendant Patton moved for summary judgment on February 16, 2012. ECF No. 98. Among other arguments, defendant claimed that the uncontroverted facts showed that defendant's use of force was not excessive. *Id.* at 11-14. The court denied the motion, finding that "[t]he evidence on this point is entirely disputed." ECF No. 114 at 11; ECF No. 116 (order adopting ECF No. 114 in full). The court noted,

3

> Defendant attests that he punched plaintiff twice only because plaintiff was forcefully resisting efforts to restrain him and because plaintiff spit at him. Patton Decl. ¶¶ 3-14. Plaintiff attests that he did not forcefully resist defendant nor spit at him but that defendant nevertheless punched him six or seven times and came down on plaintiff's face with his knee twice. Dckt. No. 29 at 5-8. Whichever version is to be credited will have to be determined at trial.

ECF No. 114 at 11-12.

Thereafter, the parties submitted pretrial statements. The court granted defendant's request to defer issuing a pretrial order until September 23, 2013 to allow the parties time to seek leave to amend their pretrial statements and to confer regarding pretrial matters and possible settlement. ECF No. 144. The instant motions followed.

## II. Motion for Leave to Disclose Expert Witness

Defendant seeks leave to disclose an expert witness on the use of force under Federal Rule of Civil Procedure 26(a)(2). ECF No. 145. Defendant states that he did not disclose an expert during discovery because he has new counsel and was trying to settle the case, but that plaintiff will not be prejudiced by the late disclosure because a trial date has not been set and will likely not be set in the immediate future due to plaintiff's motion to stay. Plaintiff does not oppose the disclosure. ECF No. 152. As the court does not anticipate that trial will be scheduled within the next 90 days, the motion will be granted. *See* Fed. R. Civ. P. 26(a)(2)(D) (providing that disclosure of expert witnesses must be made at least 90 days before the date set for trial).

## III. Motion to Stay

Plaintiff informed the court that he could be transferred to another institution before December 31, 2013 as part of the State of California's court-ordered efforts to reduce prison overpopulation. ECF No. 148. Plaintiff provided evidence that he was scheduled to be seen by an Institutional Classification Committee to determine whether he would be transferred between September 21, 2013 and October 12, 2013. *Id.* at 4. Plaintiff requested a stay of proceedings until the end of the year because, if transferred, plaintiff will not have access to his legal property for some time. *Id.* at 2. As of the date of this order, plaintiff has not informed the court whether

/////

prison officials elected to transfer him and, if so, when.  Further, the stay sought was through the end of the year.  Accordingly, the request now appears to be moot.

### IV.     "Request to Entry on Pretrial Statements"

Plaintiff has submitted two filings in which he requests that certain information be added to his pretrial statement.  ECF Nos. 149, 152.  Defendant opposes those requests, arguing that plaintiff has not obtained leave to file an amended pretrial statement and has now disclosed new exhibits.  ECF No. 151.  Defendant requests that if the court allow plaintiff to include the additional information in his pretrial statement, it also allow defendant to file an amended pretrial statement to respond to the information.

Plaintiff's requests are granted and the court will consider the additional filings when preparing the pretrial order.  Defendant's request for leave to file a responsive amended pretrial statement within 30 days of the date of this order is also granted.

### V.      Motion for Summary Judgment

Plaintiff has filed a motion for summary judgment.  ECF No. 146.  The deadline for filing dispositive motions in this action was February 17, 2012.  ECF No. 65 at 4.  Moreover, plaintiff's motion merely presents his version of the altercation that is the basis of this action.  As, the court has already explained in detail in denying defendant's motion for summary judgment, these facts are disputed.  ECF No. 114 at 11.  Accordingly, the motion must be denied.

### VI.     Order and Recommendation

For the reasons stated above, it is hereby ORDERED that:

1.  Defendant's motion for leave to disclose an expert witness on the use of force (ECF No. 145) is granted, and defendant shall disclose such expert and any expert report within 30 days of the date of this order;

2.  Plaintiffs request for stay (ECF No. 148) is denied as moot;

3.  Plaintiff's requests to have additional information included in his pretrial statement (ECF Nos. 149, 152) are granted; and

4.  Defendant's request for leave to file an amended pretrial statement responding to plaintiff's additional information is granted.

1       It is further RECOMMENDED that plaintiff's September 23, 2013 motion for summary
2 judgment (ECF No. 146) be denied.
3       These findings and recommendations are submitted to the United States District Judge
4 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
5 after being served with these findings and recommendations, any party may file written
6 objections with the court and serve a copy on all parties.  Such a document should be captioned
7 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
8 within the specified time may waive the right to appeal the District Court's order.  *Turner v.*
9 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
10 DATED:  January 8, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE